UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FELIX PICHARDO, *individually and on behalf of others similarly situated,*

                            *Plaintiff,*

-against-

EL MISMO RINCON LATINO CORP.,
(d/b/a Rincon Latino),

                            *Defendant.*
-----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**CASE NO:**

## COMPLAINT

Felix Pichardo ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, Nolan Klein, P.A., upon his knowledge and belief, and as against Defendant, El Mismo Rincon Latino Corp. (d/b/a Rincon Latino), ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff is a former employee of Defendant.

2. Defendant, El Mismo Rincon Latino Corp., owns, operates, and/or controls that certain restaurant located at 39-12 103rd St., Corona, New York 11368, doing business as Rincon Latino (hereinafter "Rincon Latino").

3. Plaintiff was employed as a maintenance worker for Rincon Latino.

4. Plaintiff worked for Defendant in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

5. Defendant failed to pay Plaintiff appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

6. Defendant's conduct extended beyond Plaintiff to all other similarly situated employees, including employees working in all departments of the Defendant business.

7. At all times relevant to this complaint, Defendant maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

8. Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

9. Plaintiff seeks certification of this action as a collective action on behalf of himself individually, and of all other similarly situated employees and former employees of Defendant pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

11. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendant operate their business in this district, and Plaintiff was employed by Defendant in this district.

## PARTIES

*Plaintiff Felix Pichardo*

12. Plaintiff is over the age of 18 years, *sui juris*, and a resident of this district.

13. Plaintiff was employed by Defendant from approximately November 2016 until approximately November 2017.

*Defendant Rincon Latino*

14. At all times relevant to this complaint, Defendant owned, operated, and/or controlled a restaurant located at 39-12 103rd St., Corona, New York 11368.

15. Upon information and belief, El Mismo Rincon Latino Corp. (d/b/a Rincon Latino), is a corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 39-12 103rd St., Corona, New York 11368.

16. At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

17. Defendant constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

18. Defendant had control over the wages and compensation of its employees, including Plaintiff, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

19. Defendant operates a restaurant in the Queens section of New York, known as Rincon Latino.

20. Defendant possesses or possessed substantial control over Plaintiff's and other similarly situated employees' working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

21. Defendant employed Plaintiff, and was his (and all similarly situated individuals') employer within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

22. At all relevant times, Defendant was Plaintiff's employer within the meaning of the FLSA and NYLL. Defendant had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for their services.

23. In 2016 and 2017, Defendant had a gross annual volume of sales of not less than $500,000.

24. In addition, upon information and belief, Defendant was directly engaged in interstate commerce. For example, numerous items that were used and sold daily at Rincon Latino, such as beverages and food, were produced outside the State of New York.

*Plaintiff Felix Pichardo*

25. Plaintiff is a former employee of Defendant and was employed as a maintenance worker at Rincon Latino.

26. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

27. Plaintiff was employed by Defendant from approximately November 2016 until approximately November 2017.

28. Plaintiff regularly handled goods in interstate commerce, such as kitchen equipment and other supplies and/or products produced outside the State of New York.

29. Plaintiff's work duties required neither discretion nor independent judgment.

30. Plaintiff regularly worked in excess of 40 hours per week.

31. Plaintiff did not clock in or out of his shifts.

32. From approximately November 2016 until approximately November 2017, Plaintiff worked at Rincon Latino from approximately 11:00 p.m. until 6:00 a.m. seven days a week. (49 hours per week).

33. Throughout his employment with Defendant, Plaintiff was paid his wages in cash.

34. From approximately November 2016 until approximately November 2017, Plaintiff was paid $375.00 per week.

35. Defendant never granted Plaintiff a meal break or rest period of any kind.

36. Defendant never provided Plaintiff with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

37. No notification, either in the form of posted notices, or other means, was given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

38. Defendant never provided any notice to Plaintiff, in English and in Spanish (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendant's General Employment Practices*

39. Upon information and belief Defendant employs more than 11 employees.

40. Pursuant to New York State Minimum Wage Laws, large employers, who employ 11 or more employees, are required to pay a general minimum wage rate of $11.00 per hour.

41. At all times relevant to this complaint, Defendant maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work in excess of 40 hours per week

without paying them appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

42. Defendant's pay practices resulted in Plaintiff and similarly situated individuals not receiving payment for all hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

43. Plaintiff and similarly situated individuals were victims of Defendant's common policy and practices violating rights under the FLSA and NYLL by *inter alia* not paying the minimum wage and overtime owed for the hours worked.

44. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

45. Defendant failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

46. Defendant failed to maintain a system which recorded and stored the time employees started and ended their shifts.

47. Defendant paid Plaintiff all of his wages in cash.

48. Upon information and belief, these practices by Defendant were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff, at all relevant times, properly for (1) minimum wage due, and (2) for overtime due.

49. Defendant failed to provide Plaintiff and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages;

name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

50.     Defendant failed to provide Plaintiff and other employees, at the time of hiring, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

51.     Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendant or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

52.     At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendant's common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime.

53. The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

54. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

55. At all times relevant to this action, Defendant was Plaintiff's employer (and employer of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendant had the power to hire and fire Plaintiff (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

56. At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

57. Defendant constitutes an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

58. Defendant failed to pay Plaintiff and the FLSA class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

59. Defendant's failure to pay Plaintiff and the FLSA class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

60. Plaintiff and the FLSA class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

61. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

62. Defendant failed to pay Plaintiff and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

63. Defendant's failure to pay Plaintiff and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

64. Plaintiff and the FLSA class members were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the New York Minimum Wage Act)

65. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

66. Defendant paid Plaintiff less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

67. Defendant's failure to pay Plaintiff minimum wage was willful within the meaning of NYLL § 663.

68. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

69. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

70. Defendant failed to pay Plaintiff overtime compensation at rates of one and one half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

71. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

72. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

73. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

74. Defendant failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

75. Defendant is liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

76. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

77. Defendant never provided Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

78. Defendant is liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant:

a)  Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b)  Declaring that Defendant violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members; (c) Declaring that Defendant violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

c)  Declaring that Defendant' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

d)  Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e)  Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

f)  Declaring that Defendant violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

g)  Declaring that Defendant violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

h) Declaring that Defendant's violations of the New York Labor Law were willful;

i) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages,

j) Awarding Plaintiff damages for Defendant's violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

k) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

l) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

m) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

n) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

o) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
      December 21, 2017

                Respectfully Submitted,

                **LAW OFFICES OF NOLAN KLEIN, P.A.**
                *Attorneys for Plaintiff*
                39 Broadway, Suite 2250
                New York, NY 10006
                PH:    (646) 560-3230
                FAX:  (877) 253-1691

By:  */s/ Nolan Klein*
      NOLAN KLEIN, ESQUIRE
      (NK 4223)
      klein@nklegal.com
      amy@nklegal.com
      robin@nklegal.com
      VALERIE K. FERRIER, ESQUIRE
      (VF 0209)
      ferrier@nklegal.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Felix C. Richardo__, am an employee currently or formerly employed by __"El mismo Rincon Latino" Corp__, and/or related entities.

I consented to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__12/19__, 2017

_____
Signature