UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FELIX PICHARDO,

                                    Plaintiff,

                                                            **REPORT AND**
                        -against-                           **RECOMMENDATION**
                                                            17-CV-7439-FB-SJB

EL MISMO RINCON LATINO CORP.,
*doing business as* RINCON LATINO,

                                    Defendant.
----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

On December 21, 2017, Plaintiff Felix Pichardo ("Pichardo") brought this federal

and state wage and hour action against Defendant El Mismo Rincon Latino Corp., a

restaurant operating as Rincon Latino ("Rincon Latino").  On February 2, 2018, after a

default was entered against Rincon Latino, Pichardo moved for default judgment.  That

same day, the Honorable Frederic Block referred the motion to the undersigned for a

report and recommendation.  For the reasons stated below, it is respectfully

recommended that Pichardo's motion be granted and a default judgment be entered

against Rincon Latino as indicated herein.

<u>Factual Background and Procedural History</u>

Rincon Latino is a restaurant located in Queens, New York, (Compl. ¶¶ 2, 14),

that employs more than 11 employees.  (*Id.* ¶ 40).  Pichardo is a former Rincon Latino

employee who worked as a maintenance worker from November 2016 to approximately

November 2017.  (*Id.* ¶¶ 1, 3, 13; *see also* Declaration of Plaintiff Felix Pichardo dated

July 13, 2018, Dkt. No. 19, Ex. D ("Decl.") ¶¶ 2-3).

Pichardo alleges that he regularly worked seven days a week, seven hours a day (49 hours per week). (Compl. ¶ 32; Decl. ¶¶ 2, 5-6). Rincon Latino paid Pichardo a fixed salary of $375 per week, in cash, and provided no meal breaks or rest periods. (Compl. ¶¶ 34-35; Decl. ¶¶ 7, 9). These practices allegedly violated both federal and state requirements that Pichardo be paid a statutory minimum wage and receive additional wages for overtime. (Compl. ¶¶ 40-41). Finally, Pichardo alleges that various state notice requirements were ignored by Rincon Latino, including that Pichardo be provided a wage statement when he was paid and that he be provided a wage notice when he was hired. (*Id*. ¶¶ 49-50, 73-78; Decl. ¶¶ 12-13).

Pichardo alleges six causes of action based on the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") and N.Y. Labor Law ("NYLL"): violation of 1) the minimum wage provisions of FLSA (29 U.S.C. § 206(a)) (Compl. ¶¶ 54-60); 2) the overtime provisions of FLSA for work in excess of 40 hours per week (29 U.S.C. § 207(a)(1)) (Compl. ¶¶ 61-64); 3) the New York Minimum Wage law (NYLL § 652(1)) (Compl. ¶¶ 65-68)); 4) the overtime provisions of NYLL (NYLL § 663) (Compl. ¶¶ 69-72); 5) the notice and recordkeeping requirements of NYLL (NYLL § 195(1)) (Compl. ¶¶ 73-75); and 6) the wage statement provisions of NYLL (NYLL § 195(3)) (Compl. ¶¶ 76-78).

Pichardo seeks $11,091.60 in unpaid minimum and overtime wages; $10,000 in statutory damages for violation of notice and record keeping and wage statement provisions; $11,091.60 in liquidated damages under FLSA; $11,091.60 in liquidated damages under the NYLL. (*See* Damages Spreadsheet attached to Declaration of Nolan Klein, Dkt. No. 19, Ex. E ("Damages Spreadsheet") at 1; Declaration of Nolan Klein

dated July 13, 2018, Dkt. No 19 ("Klein Decl.") ¶¶ 12-15). Pichardo also seeks $5,115.88 in attorney's fees and costs. (*Id.* ¶¶ 20-23).

On January 26, 2018, the Clerk of Court issued a certificate of default against Rincon Latino. (Dkt. No. 10).[1] On February 2, 2018, Pichardo moved for a default judgment. (Dkt. No. 11). Because the motion failed to comply with Local Rules 7.1(a)(2) and 55.2(b)(3), the Court ordered Pichardo to submit a memorandum of law and a proposed order on May 21, 2018. On July 13, 2018, Pichardo provided the supplemental materials. (Dkt. Nos. 18-19).

Discussion

I.   <u>Entry of Default</u>

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. *See Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551, 2013 WL 6835157, at *3 (E.D.N.Y. Dec. 20, 2013) (adopting report and recommendation). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after default has been entered, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment against that defendant. Fed. R. Civ. P. 55(b)(2).

---

[1] Under FLSA, a plaintiff may file a claim two years after the cause of action accrues or three years if the violation is willful. 29 U.S.C. § 255(a). The statute of limitations under NYLL is six years. NYLL § 663(3). The Complaint was filed on December 21, 2017, one month after Pichardo was no longer employed by Rincon Latino, and is timely under both FLSA and NYLL. The Complaint also alleges that the violations by Rincon Latino were willful. (Compl. ¶¶ 59, 63, 67, 71).

The Clerk entered a default against Rincon Latino on January 26, 2018.  (Dkt. No. 10).

A threshold question before reaching liability or damages is whether Rincon Latino's conduct is sufficient to warrant a default judgment being entered.  In determining whether to enter a default judgment, the Court is guided by the same factors that apply to a motion to set aside entry of a default.  *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001).  These factors are "1) whether the defendant's default was willful; 2) whether the defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment."  *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (citation omitted).

As to the first factor, the failure by Rincon Latino to respond to the Complaint demonstrates the default was willful.  *See, e.g.*, *Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at * 1 (S.D.N.Y. Dec. 20, 2007).  It had sufficient notice of the present litigation.  Rincon Latino was properly served with a summons and the Complaint.  (Aff. of Service, Dkt. No. 6).  A copy of a summons and the Complaint was left with an authorized agent in the Office of the Secretary of State of the State of New York on December 22, 2017.  (*Id.*).  The motion for default judgment and certificates of default were served upon Rincon Latino at 39-12 103rd Street, Corona, NY 11368—its principal place of business—via certified mail.  (Aff. of Service, Dkt. No. 11).  Notwithstanding this notice and service, Rincon Latino did not respond to the Complaint, did not appear, and has not in any way attempted to defend itself.

As to the second factor, the Court cannot conclude there is any meritorious defense to Pichardo's allegations because Rincon Latino has not appeared and no defense has been presented to the Court. *See, e.g.*, *IndyMac Bank*, 2007 WL 4468652, at *1; *United States v. Hemberger*, No. 11-CV-2241, 2012 WL 1657192, at *2 (E.D.N.Y. May 7, 2012). As to the third factor, the non-defaulting party, Pichardo, would be prejudiced if the motion for default were denied in this case "as there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008), *report and recommendation adopted*, Dkt. No. 18 (Jan. 26, 2009).

As a result, all three factors permit entry of a default judgment. The Court now turns to the liability imposed and damages to be awarded in such a judgment.

II.   Liability

When a defendant defaults, a court, on consideration of a plaintiff's default judgment motion, "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz,* 577 F.3d 79, 84 (2d Cir. 2009). In addition, a party's default is deemed as an admission of all well-pleaded allegations of liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992); *Morales v. B&M Gen. Renovation Inc.*, No. 14-CV-7290, 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL 1258482 (Mar. 29, 2016).

"Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (citation and quotation marks omitted); *see also* 10A Charles Alan Wright &

5

Arthur R. Miller et al., *Federal Practice and Procedure* § 2688.1 (3d ed. 2017) ("Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief.  Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.").

      A.      <u>Minimum Wage and Overtime Claims</u>

Pichardo has alleged claims for violations of both FLSA and NYLL's respective minimum wage and overtime requirements.

      1.      <u>FLSA</u>

      a.      <u>Threshold Requirements</u>

To establish a claim under FLSA, "plaintiff must prove the following: (1) the defendant is an employer subject to . . . FLSA; (2) the plaintiff is an 'employee' within the meaning of . . . FLSA; and (3) the employment relationship is not exempted from . . . FLSA." *Saucedo v. On the Spot Audio Corp.*, No. 16-CV-451, 2016 WL 8376837, at *4 (E.D.N.Y. Dec. 21, 2016) (citations omitted), *report and recommendation adopted*, 2017 WL 780799 (Feb. 28, 2017).

      i.      <u>Employers Subject to FLSA</u>

Employers who have employees "engaged in commerce or in the production of goods for commerce" ("individual coverage") or "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage") are subject to FLSA's minimum wage and overtime requirements.  29 U.S.C. §§ 206(a), 207(a)(1); *Shim v. Millennium Grp.*, No. 08-CV-4022, 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009).

Pichardo has not alleged he was personally "performing work involving or related to the movement of persons or things . . . between states." *Shim*, 2009 WL 211367, at *2 (quotations omitted); *see generally Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985).  As a result, individual coverage does not trigger any FLSA minimum wage or overtime obligation for Rincon Latino.

Enterprise coverage—which exists where an employer has (1) employees engaged in commerce or in the production of goods for commerce; and (2) an annual gross volume of sales greater than $500,000—does trigger those obligations.  29 U.S.C. § 203(s)(1)(A); *see also Saucedo*, 2016 WL 8376837, at *4.

With respect to the first requirement, the Complaint alleges that Rincon Latino has employees, like Pichardo, who handled items that traveled in interstate commerce. The Complaint alleges, for example, that Pichardo "regularly handled goods in interstate commerce, such as kitchen equipment and other supplies and/or products produced outside the State of New York."  (Compl. ¶ 28).  Such handling of "goods or materials that have moved or been produced in interstate commerce," *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998), is sufficient to satisfy the interstate commerce requirement for enterprise coverage.  *See, e.g.*, *Juarez v. Wheels Pizza Inc.*, No. 13-CV-261, 2015 WL 3971732, at *2 n.3 (S.D.N.Y. June 30, 2015) (finding that transport of food items such as soft drinks and beer was sufficient to establish that pizza business was engaged in interstate commerce).

As to the second requirement, Pichardo alleges that Rincon Latino had annual gross sales volume in 2016 and 2017 of more than $500,000.  (Compl. ¶ 23).

"In the context of a default under . . . FLSA, courts do not require any additional factual allegations to establish enterprise coverage," *Saucedo*, 2016 WL 8376837, at *4,

and the Court concludes that FLSA's minimum wage and overtime provisions apply to Rincon Latino.

### ii.   Employees Covered By FLSA

Any "individual employed by an employer" is protected under FLSA's minimum and overtime provisions.  29 U.S.C. § 203(e)(1).  To determine whether an individual is "employed," "the ultimate question is whether the putative employee is economically dependent on the putative employer.  In other words, the court must determine whether, as a matter of economic reality, the worker depends upon someone else's business for the opportunity to render service or is in business for himself."  *Velu v. Velocity Express, Inc.*, 666 F. Supp. 2d 300, 306 (E.D.N.Y. 2009) (quotations and alterations omitted).  The Complaint alleges that Pichardo was employed by Rincon Latino, and there is no basis from the Complaint to infer anything other than Pichardo was working for a business owned and operated by someone else.  (Compl. ¶¶ 21-22).

### iii.   Exempt Employment Relationship

There is no basis from the Complaint to infer that the employment relationship between Pichardo and Rincon Latino is exempt from FLSA.  *See* 29 U.S.C. § 203 (FLSA "definitions" and exemptions).

### b.   FLSA Minimum Wage Claim

Pichardo first alleges violation of FLSA's minimum-wage provision, which provides that "[e]very employer shall pay to each of his employees . . . not less than . . . [the federal minimum wage]."  29 U.S.C. § 206(a).  The Fair Minimum Wage Act of 2007 gradually raised the federal minimum wage from $5.15 per hour to $7.25 per hour.  *Id.*  The current rate of $7.25 went into effect on July 24, 2009, and is the applicable FLSA rate for the entire period alleged in the Complaint.  *Id.*  Where a state's minimum

wage is higher than the federal minimum wage, the state's minimum wage must be paid by the employer to satisfy FLSA's minimum wage requirement.  29 C.F.R. § 778.5; *see also* 29 U.S.C. § 218(a); *Martinez v. Alimentos Saludables Corp.*, No. 16-CV-1997, 2017 WL 5033650, at \*15 (E.D.N.Y. Sept. 22, 2017).

As of December 31, 2015, the minimum wage under New York law was $9.00 per hour.  NYLL § 652(1).  On and after December 31, 2016, for New York City employers with eleven or more employees, like Rincon Latino, the minimum wage rate was $11.00 per hour.  NYLL § 652(1)(a).  For the relevant period in the Complaint—November 2016 to November 2017—New York's minimum wage law rates were higher than the federal rate, and the New York wage rate determines what back-wages, if any, Pichardo is owed pursuant to FLSA.

The Complaint alleges that "[f]rom approximately November 2016 until approximately November 2017, Pichardo worked at Rincon Latino from approximately 11:00 p.m. until 6:00 a.m. seven days a week (49 hours per week)."  (Compl. ¶ 32). During that time, "Plaintiff was paid $375.00 per week."  (Compl. ¶ 34).  Under FLSA, an employee's regular hourly rate is determined by "dividing the salary by the number of hours which the salary is intended to compensate."  29 C.F.R. § 778.1.  Under this formula (*i.e.* dividing the salary by hours worked), Pichardo had an hourly wage rate of $7.65 ($375 divided by 49 hours, rounded).  In 2016, Pichardo was entitled to the higher minimum wage provided for in New York of $9.00 an hour.  He worked 40 hours of non-overtime, which entitled him to $360 in weekly pay.  He received $375 a week, and therefore has no FLSA minimum wage claim for that year.  In 2017, however, he was entitled to New York's $11.00 an hour, which entitled him to $440 a week in base pay.

He only received $375 a week.  Therefore Rincon Latino is liable for unpaid minimum wages under FLSA for 2017.

      c.  <u>FLSA Overtime Claim</u>

Section 207(a)(1) of FLSA requires that an employee working "in excess of" 40 hours in a given workweek be compensated for that "excess work 'at a rate not less than one and one-half times the regular rate at which he is employed' (*i.e.* time and a half)." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting 29 U.S.C. § 207(a)(1)).  In *Lundy*, the Second Circuit articulated "the degree of specificity needed to state an overtime claim under FLSA."  *Id.*  A plaintiff must "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."  *Id.*  Or put differently, to survive a motion to dismiss an FLSA overtime claim, a plaintiff must allege that in at least one workweek he or she worked at least 40 hours, and also worked some uncompensated time in that week in excess of the 40 hours.  *See id.*

An overtime claims fails to satisfy this requirement if it generally alleges that the plaintiff was not paid for overtime hours worked.  *Nakahata v. New York-Presbyterian Healthcare Sys. Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).  The requirement that plaintiffs "must allege overtime without compensation in a given workweek, [is] not an invitation to provide an all-purpose pleading template alleging overtime in some or all workweeks."  *Dejesus v. HF Management Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013) (citations and quotations omitted).  Nor is it acceptable for a plaintiff to just track "the statutory language of . . . FLSA . . . [without] alleging [any] particular facts sufficient to raise a plausible inference of an FLSA overtime violation."  *Id.* at 89.

Rather, plaintiffs must "provide sufficient detail about the length and frequency

of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201.  Only with such factual context will a plaintiff's overtime claim move from merely "conceivable to plausible." *Dejesus*, 726 F.3d at 90 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570).  "What aspects of [a plaintiff's] position, pay, or dates of employment are necessary to state a plausible claim for relief . . . is a case-specific inquiry for the trial court[.]" *Nakahata*, 723 F.3d at 201 (emphasis removed) (citations omitted).  A plaintiff is not required "to keep careful records and plead . . . hours with mathematical precision," but may draw on "memory and experience" to provide complaints with "sufficiently developed factual allegations" to support the claim that he was denied overtime in violation of FLSA.  *Dejesus*, 726 F.3d at 90.

Pichardo's overtime claim contains the necessary factual allegations to state an FLSA overtime claim, and Rincon Latino is liable for unpaid overtime as this chart and the Complaint demonstrate:

|  | FLSA Overtime Claim (2016) | FLSA Overtime Claim (2017) |
|---|---|---|
| Hours Per Week | 49 | 49 |
| Weekly Salary | $375 | $375 |
| FLSA Calculated Hourly Wage | $7.65 | $7.65 |
| Minimum Wage Rate | $9.00 | $11.00 |
| 40 Hour Wages Due | $360.00 | $440.00 |
| Unpaid Minimum Wages (Weekly) | $0.00 | $65.00 |
| FLSA Calculated Overtime Wage Rate | $13.50 | $16.50 |
| Weekly Overtime Hours | 9 | 9 |
| Overtime Wages Due | $121.50 | $148.50 |
| Total Overtime Paid | $0.00 | $0.00 |
| Total Overtime Unpaid (Per Week) | $121.50 | $148.50 |

Pichardo alleges that "[f]rom approximately November 2016 until approximately November 2017, [he] worked at Rincon Latino from approximately 11:00 p.m. until

6:00 a.m. seven days a week (49 hours per week)."  (Compl. ¶ 32).  These are specific

time periods, in which Pichardo has alleged he worked more than 40 hours per week.

  In addition, based upon the daily and weekly salary paid by Rincon Latino ($375

per week), Pichardo has stated an overtime claim under FLSA.  Under FLSA, unpaid

overtime wages are calculated by first determining the employee's regular hourly rate,

and then multiplying by 1.5.  The regular hourly rate is determined by "dividing the

salary by the number of hours which the salary is intended to compensate," 29 C.F.R. §

778.1, or the applicable minimum wage if the regular rate falls below the applicable

minimum.  29 C.F.R. § 778.5.  For each week Pichardo worked from November 2016

through December 31, 2016, his regular hourly rate was $9.00; and for each week

Pichardo worked from December 31, 2016 to November 2017, his regular hourly rate

was $11.00, because the applicable minimum wage exceeded what he was paid ($7.65

per hour).  He was owed $13.50 per hour for each overtime hour worked from

November 2016 to December 31, 2016, and $16.50 per hour for each overtime hour

worked from December 31, 2016 to November 2017.  He worked 9 overtime hours each

week, was owed a total of $121.50 per week for that overtime in 2016, and $148.50 per

week in 2017, and was not paid accordingly.

  2.  <u>NYLL Claims</u>

   a.  <u>Threshold Requirements</u>

  A covered "employee" under NYLL is "any individual employed or permitted to

work by an employer in any occupation."  NYLL § 651(5); *see generally Gonzales v. Gan

Israel Pre-Sch.*, No. 12-CV-06304, 2014 WL 1011070, at *9 (E.D.N.Y. Mar. 14, 2014).

There are a number of exemptions to that definition, none of which are applicable in

this case.  *See* NYLL § 651(5).  The Complaint alleges that Pichardo was an employee of

Rincon Latino (Compl. ¶¶ 1, 3), which is alleged to be a regulated employer under NYLL. (*Id.* ¶ 21-22). The Court accepts these factual allegations as true, and concludes that NYLL applies to Pichardo. *E.g.*, *Gonzales*, 2014 WL 1011070, at *9.

### b. NYLL Minimum Wage Claim

New York regulations provide that the "regular rate of pay" for employees in the hospitality industry, which includes restaurant employees, *see* N.Y.C.R.R. 146-3.1, is calculated by "dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." N.Y.C.R.R. 146-3.5.

Under the New York hospitality regulation calculation (*i.e.* dividing the weekly earnings by the lesser of hours worked or 40), Pichardo had an hourly wage rate of $9.38 ($375 divided by 40 hours, rounded). This hourly wage rate is higher than the applicable minimum wage rate for 2016 ($9.00). Pichardo has no NYLL minimum wage claim for work performed in 2016. However, as discussed *supra* at 9, New York's minimum wage for 2017 was $11.00. Thus, for 2017 when he was being paid $9.38, but was entitled to $11.00 per hour; Rincon Latino is therefore liable under NYLL for minimum wage violations.

### c. NYLL Overtime Claim

NYLL's overtime provision specifies that eight hours constitutes a "legal day's work," NYLL § 160, and that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate. . . ." 12 N.Y.C.R.R. 142-2.2. As discussed above, the Complaint alleges that Pichardo worked 9 hours of overtime per week; and the calculations in the table below demonstrate (using the New

York hospitality regulation for calculating wage rates) that he was not paid for that overtime worked:

|  | NYLL Overtime Claim (2016) | NYLL Overtime Claim (2017) |
|---|---|---|
| Hours Per Week | 49 | 49 |
| Weekly Salary | $375 | $375 |
| NYLL Calculated Hourly Wage | $9.38 | $11.00 |
| NYLL Calculated Overtime Wage Rate | $14.06 | $16.50 |
| Weekly Overtime Hours | 9 | 9 |
| Overtime Wages Due | $126.56 | $148.50 |
| Total Overtime Paid | $0.00 | $0.00 |
| Total Overtime Unpaid (Per Week) | $126.56 | $148.50 |

New York's hospitality industry regulations determine hourly wage rate by dividing weekly wages by the lesser of 40 or actual hours worked; the assumption embedded in such a calculation is that, unless evidence suggests otherwise, none of the paid wages are to be credited to overtime.  Or put differently, for Pichardo under NYLL, the $375 he was paid was for the first 40 hours he worked; for the additional 9 overtime hours he worked, he received nothing.

Under NYLL, for each week he worked, Pichardo's hourly wage rate was $9.38 ($375 divided by 40), which is above the applicable minimum wage for 2016 ($9.00), but not 2017 ($11.00).  He was owed $14.07 per hour for each overtime hour worked in 2016, and $16.50 per hour for hours worked in 2017.  He worked 9 overtime hours each week, was owed a total of $126.63 (for weeks worked in 2016) and $148.50 (for weeks worked in 2017).  Pichardo was paid nothing for those overtime hours.

Under these circumstances, Rincon Latino is liable for unpaid overtime under NYLL.  *See, e.g.*, *Romero v. Rung Charoen Sub, Inc.*, No. 16-CV-1239, 2017 WL 4480758, at *10 (E.D.N.Y. Sept. 30, 2017) ("Because the regular rates of pay under the NYLL are calculated by dividing Plaintiff's total weekly earnings by 40 hours per week,

Plaintiff's total weekly earnings necessarily do not include overtime premiums. Accordingly, Defendants violated the overtime provisions of the NYLL."); *Miguel v. Mi Bella Puebla Corp.*, No. 16-CV-1593, 2017 WL 4838820, at *5 (E.D.N.Y. Sept. 6, 2017), *report and recommendation adopted*, 2017 WL 4838761 (Oct. 24, 2017) (performing same NYLL overtime calculation).

      B.  <u>Wage Theft Protection Act Claims</u>

New York's Wage Theft Protection Act ("WTPA") requires employers to provide written wage notice "within 10 business days of his first day of employment." *Hernandez v. Jrpac Inc.*, No. 14-CV-4176, 2016 WL 3248493, at *29 (S.D.N.Y. June 9, 2016). "'[E]mployers [must] provide their employees a written notice with the following information: (1) the rate or rates of pay and basis thereof; (2) allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; (3) the regular pay day designated by the employer; (4) the employer's name; (5) any 'doing business as' names used by the employer; (6) the physical address of the employer's main office or principal place of business, and a mailing address if different; (7) the employer's telephone number; and (8) such other information as the commissioner deems material and necessary.'" *Id.* (quoting *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 474 (S.D.N.Y. 2015) (citing N.Y. Lab. Law § 195(1)(a))). The penalty for failing to provide that notice is $50 per day, up to $5,000. NYLL § 198(1-b). The WTPA also requires that employers provide employees wage statements "with every payment of wages" that contain, among other things, the dates of work covered by the statement, the rate of pay, and gross and net wages paid. NYLL § 195(3). The penalty for failing to provide those wage statements is $250 per day, up to $5,000. NYLL § 198 (1-d). *See Rojas v. Splendor Landscape Designs Ltd.*, 268 F. Supp. 3d 405, 412 (E.D.N.Y. 2017).

Pichardo has alleged that Rincon Latino never provided him with a wage notice at the start of his employment, or a wage statement with each payment of wages as required.  (Compl. ¶¶ 74, 77).  This is sufficient to hold it liable for these two claims under the WTPA.  *See, e.g.*, *Luna v. Gon Way Constr., Inc.*, No. 16-CV-1411, 2017 WL 835321, at *13 (E.D.N.Y. Feb. 14, 2017), *report and recommendation adopted*, 2017 WL 835174 (Mar. 2, 2017).

\*       \*       \*

The Court determines that Pichardo has properly alleged, and by virtue of its default, Defendant Rincon Latino has admitted liability for violations of:

- the minimum wage and overtime provisions of FLSA and NYLL for the hours Pichardo worked from November 1, 2016 through November 1, 2017; and

- the wage notice and wage statement provisions of the WTPA.

III.   Damages

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  *Greyhound Exhibitgroup,* 973 F.2d at 158.  "Although the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded."  *Griffiths v. Francillon*, No. 10-CV-3101, 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (internal quotation marks and citations omitted).  "The court must conduct an inquiry to ascertain the amount of damages with reasonable certainty."  *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1992)).

"Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (collecting cases).

That being said, because under FLSA "[t]he burden is on an employer properly to record hours," a "plaintiff need not compute FLSA damages with precision." *Harold Levinson Assocs., Inc. v. Chao*, 37 F. App'x. 19, 20-21 (2d Cir. 2002). An employee may meet his burden of showing the amount and extent of his hours work through his own recollection. *See Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 674 (S.D.N.Y. 2011). As such, "[i]n a FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct." *Ting Yao Lin v. Hayashi Ya II, Inc.*, 08-CV-6071, 2009 WL 289653, at *3 (S.D.N.Y. Jan. 30, 2009) (collecting cases), *report and recommendation adopted*, 2009 WL 513371 (Feb. 27, 2009); *see also McLean v. Wayside Outreach Dev. Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015) (district court did not abuse its discretion by failing to hold a hearing to determine damages where the court relied on "a single affidavit only partially based upon real numbers") (citations omitted).

A. Overtime and Minimum Wage Violations

  i.   Overtime Wages Owed

The spreadsheet submitted by Pichardo seeks $7,722 in overtime pay for the duration of his employment. (*See* Damages Spreadsheet, Dkt. No. 19, Ex. E at 1). This calculation is based on the period from November 1, 2016 to November 1, 2017. Accepting Pichardo's start date as November 1, 2016, and his end date as November 1,

2017, he is entitled to 8 full weeks and 5 days of overtime in 2016, and 43 full weeks and 4 days of overtime in 2017.

Using the overtime rates calculated earlier, *see supra* at 11 & 13, this results in the following calculations under FLSA and NYLL:

| | FLSA Overtime Claim (2016) | FLSA Overtime Claim (2017) | NYLL Overtime Claim (2016) | NYLL Overtime Claim (2017) |
|---|---|---|---|---|
| Hours Per Week | 49 | 49 | 49 | 49 |
| Weekly Salary | $375 | $375 | $375 | $375 |
| Calculated Hourly Wage | $9.38 | $9.38 | $9.38 | $9.38 |
| Calculated Overtime Wage Rate | $14.07 | $16.50 | $14.07 | $16.50 |
| Weekly Overtime Hours | 9 | 9 | 9 | 9 |
| Overtime Wages Due Per Week | $121.50 | $148.50 | $126.63 | $148.50 |
| Total Overtime Paid | $0.00 | $0.00 | $0.00 | $0.00 |
| Weeks of Overtime | 8 weeks, 5 days | 43 weeks, 4 days | 43 weeks, 4 days | 43 weeks, 4 days |
| Total Overtime Due | $1,042.35 | $6,451.50 | $1,083.39 | $6,451.50 |
| Sum | $7,493.85 | | $7,534.89 | |

Pichardo is not entitled to recover under both FLSA and NYLL for overtime earned during the same period. *See Gamero v. Koodo Sushi Corp.*, No. 15-CV-2697, 2017 WL 4326116, at *11 (S.D.N.Y. Sept. 28, 2017) (collecting cases). "If a plaintiff is entitled to damages under both federal and state wage law, the Court has discretion to award [that plaintiff] damages under the statute providing the greatest amount of relief." *Id.* (quotations omitted). In this case, Pichardo could not be awarded both $7,493.85 (overtime calculated under FLSA) and $7,534.89 (overtime calculated under NYLL).

Pichardo's recovery under NYLL, by virtue of the effect of hospitality industry regulations, which credits an employee's weekly salary—no matter how large—to the first 40 hours of work, is slightly greater than that under FLSA. *See supra* at 11 & 13. When confronted with such disparities, other courts have concluded that awarding the greater sum is appropriate. *Romero*, 2017 WL 4480758, at *12 n.11; *Zhang v. Red Mountain Noodle House Inc.*, No. 15-CV-628, 2016 WL 4124304, at *3 (E.D.N.Y. Jul. 5, 2016) ("[T]his Court will calculate Plaintiffs' regular rate for the purposes of unpaid

overtime compensation using . . . NYLL Hospitality Industry Wage Order's method of calculation, since it will entitle them to a higher recovery and prevent minimum wage violations."). This Court sees no legal basis to deviate from that practice in this case, and recommends that Pichardo be awarded $7,534.89 in overtime compensation.

ii. <u>Minimum Wages</u>

Pichardo seeks $3,369.60 in minimum wages. (*See* Damages Spreadsheet at 1). This calculation is based on a violation of the provisions of NYLL for the period of November 2016 through November 2017. However, Pichardo can recover only for minimum wage violations for work performed in 2017. In calculating Pichardo's overtime claim under NYLL for the year 2016, he was found to have an hourly rate of $9.38. *Supra* at 13. At the time, New York's minimum wage was $9.00 an hour. In 2017, however, New York's minimum wage was $11.00 an hour. Pichardo was entitled to $440 a week in minimum wages, but was only paid $375, a difference of $65 a week. For the 43 weeks and 4 days in 2017, he is entitled to $2,832.14 in unpaid minimum wages.

B. <u>Liquidated Damages</u>

Pichardo seeks liquidated damages under FLSA and NYLL. Under FLSA, "[a]ny employer who violates the provisions of . . . section 207 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The Portal–to–Portal Act, 29 U.S.C. § 251 *et seq.,* which amended . . . FLSA, affords district courts discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its

acts or omissions did not violate . . . FLSA." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (quoting 29 U.S.C. § 260).

NYLL also allows for liquidated damages. An employee can recover liquidated damages "unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." NYLL § 198(1-a). For all NYLL claims that accrued on or after April 9, 2011, an employer is liable for liquidated damages equal to one hundred percent of the total amount of wages found to be due (prior to this, liquidated damages were 25 percent). NYLL § 663(1).

In light of the default by Rincon Latino, there has been no showing that it acted in good faith or that the Court should exercise its discretion to deny liquidated damages. *See Brock v. Wiliamowsky*, 833 F.2d 11, 19 (2d Cir. 1987) (noting that employer bears burden of establishing good faith defense under § 260 through "plain and substantial evidence"); *Khan v. IBI Armored Servs., Inc.*, 474 F. Supp. 2d 448, 459 (E.D.N.Y. 2007) ("Simply put, double damages are the norm, single damages the exception, the burden on the employer.") (citation omitted); *Xochimitl*, 2016 WL 4704917, at *15 ("In situations where defendants never made this showing in light of their default, they have not rebutted the presumption in favor of a liquidated damages award.") (quotations omitted).

Nonetheless, Pichardo may not recover liquidated damages under both statutes for the same violation. Courts generally allow a single award of liquidated damages, under the statute that provides a plaintiff with the largest recovery. *See generally Leon v. Chen*, No. 16-CV-480, 2017 WL 1184149, at *9 (E.D.N.Y. Mar. 29, 2017) (discussing impropriety of awarding liquidated damages under both NYLL and FLSA).

"[D]amages for withheld wages under the FLSA are recoverable only up to the minimum wage," whereas "[l]iquidated damages under the NYLL are calculated at 100 percent of the unpaid wages due to a prevailing plaintiff." *Calle v. Yoneles Enters. Inc.*, No. 16-CV-1008, 2017 WL 6942652, at *15 (E.D.N.Y. Oct. 24, 2017), *report and recommendation adopted*, 2018 WL 401269 (Jan. 12, 2018). Courts in this district "allow a single award of liquidated damages[ ] under the statute that provides the plaintiffs with the greatest recovery." *Id.* The Court, therefore, recommends that Pichardo be awarded liquidated damages of $7,534.89 in unpaid overtime wages and $2,832.14 in unpaid minimum wages, for a total of $10,367.03.

C. <u>WTPA Damages</u>

Pichardo worked for Rincon Latino for a total of 365 days. *See supra* at 9. For the wage notice claim, he is entitled to recover $50 per day up to a maximum of $5,000. *Supra* at 14-15. As a result, for the 365 days during which he received no wage notice, he is entitled to $5,000. For the wage statement claim, he is entitled to recover $250 per day up to a maximum of $5,000. *Supra* at 15. For the 365 days during which he received no wage statements, he is entitled to $5,000. Pichardo should be awarded a total of $10,000 in WTPA damages.

D. <u>Pre-Judgment Interest</u>

Pichardo seeks pre-judgment interest should the Court elect to not award him liquidated damages under both FLSA and NYLL. Although it is "well settled" that pre-judgment interest is not awardable under FLSA where liquidated damages are awarded, *Begum v. Ariba Disc., Inc.*, 12-CV-6620, 2015 WL 223780, at *3 (S.D.N.Y. Jan. 16, 2015), "NYLL permits the award of both liquidated damages and pre-judgment interest." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 48 (E.D.N.Y.

2015).  Pichardo is thus entitled to an award of pre-judgment interest on the overtime hours damages at a rate of 9% per year.  *Id.* at 9; N.Y. C.P.L.R. § 5004.  Where, as here, unpaid wages are "incurred at various times, interest shall be computed . . . from a single reasonable intermediate date."  N.Y. C.P.L.R. § 5001(b); *Coulibaly v. Millennium Super Car Wash, Inc.*, No. 12-CV-4760, 2013 WL 6021668, at *15 (E.D.N.Y. Nov. 13, 2013).  Courts have discretion in choosing a reasonable date from which to calculate pre-judgment interest.  *See Fermin*, 93 F. Supp. 3d at 49 ("Courts applying N.Y. CPLR § 5001 have wide discretion in determining a reasonable date from which to award pre-judgment interest[.]") (quotation omitted).  A common date is "[t]he median date between the earliest ascertainable date the cause of action existed and the date the action was filed[.]"  *Gunawan v. Sake Sushi Rest.,* 897 F. Supp. 2d 76, 93 (E.D.N.Y. 2012); *e.g.*, *Khurana v. JMP USA, Inc.*, No. 14-CV-4448, 2017 WL 1251102, at *17 (E.D.N.Y. Apr. 5, 2017).

The unpaid wages due to Pichardo under NYLL are $10,367.03.[2]  The relevant period of employment for those wages is November 1, 2016 through November 1, 2017.  This action was filed December 21, 2017.  The mid-point between November 1, 2016 and December 21, 2017 is May 27, 2017.  The Court recommends that pre-judgment interest be awarded in a daily amount of $2.56 from May 27, 2017 until the day final judgment is entered.  *See Romero*, 2017 WL 4480758, at *15.

F.  Attorney's Fees and Costs

Pichardo seeks a total of $4,625.88 in attorney's fees and $490 in costs for a total of $5,115.88.  When assessing whether legal fees are reasonable, the Court determines

---

[2] The total amount ($10,367.03) at 9% a year results in $933.03 per year in interest, or $2.56 per day, based on 365 days per calendar year.

the "presumptively reasonable fee" for an attorney's services by examining what reasonable clients would be willing to pay.  *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183-84 (2d Cir. 2008).  To calculate the presumptively reasonable fee, a court must first determine a reasonable hourly rate for the legal services performed.  *Id*.  The next step is to determine the reasonableness of the hours expended by counsel.  *See, e.g.*, *LaBarbera v. Empire State Trucking, Inc.*, No. 07-CV-669, 2008 WL 746490, at *4-5 (E.D.N.Y. Feb. 26, 2007).  The number of hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary.  *See, e.g.*, *LaBarbera v. Frank J. Batchelder Transp. LLC*, No. 08-CV-3387, 2009 WL 240521, at *4 (E.D.N.Y. Feb. 2, 2009) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)).

Turning first to the reasonable hourly rate, the Court first examines the experience and qualifications of each counsel seeking the fee award.  In his declaration, Pichardo's counsel Nolan Klein states that two associates and a litigation paralegal worked on this case—Valerie Ferrier, Edward Warnke, and Amy Dimalanta.  (Klein Decl. ¶¶ 17-19).  He also provides a general time sheet describing the work performed by the two associates and paralegal and time spent on this matter.  (Invoice, Dkt. No. 19, Ex. F).  He indicates that Ferrier has been practicing law since 2007, is experienced in FLSA cases, and worked for nearly eight years at the Metropolitan Transportation Authority, reaching the position of Executive Agency Counsel.  (Klein Decl. ¶ 17).  Her billing rate is $295.  (*Id*. ¶ 20).  Warnke joined the firm in October 2017, is not yet admitted to the bar, and has an hourly rate of $195.  (*Id*. ¶¶ 18, 20).  Dimalanta, a litigation paralegal, assisted in this action and her time was billed at $95 per hour.  (*Id*. ¶¶ 19, 20).

23

"[T]he prevailing hourly rate for partners in this district ranges from $300.00 to $400.00, and a reasonable hourly rate for a senior associate ranges from $200 to $300." *Marshall v. Deutsche Post DHL*, No. 13-CV-1471, 2015 WL 5560541, at *9 (E.D.N.Y. Sept. 21, 2015); *see Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 313 (E.D.N.Y. 2015) (awarding $350 for a senior partner, $200 for junior partners and associates, and $75 for paralegals); *Griffin v. Astro Moving & Storage Co. Inc.*, 2015 WL 1476415, at *8 (E.D.N.Y. Mar. 31, 2015) (reasonable hourly rates are $300 to $450 for partners, $200 to $325 for senior associates, and $100 to $200 for junior associates).  As such, the rate for Ms. Ferrier is within the acceptable hourly ranges for senior associates.

Because Warnke has not been admitted to the bar, the Court concludes that attorney's fees for his work may not be recovered.  Notably, Pichardo failed to provide any basis to award fees for an attorney not admitted.  *See, e.g.*, *Lynch v. Town of Southampton*, 492 F. Supp. 2d 197, 213 (E.D.N.Y. 2007) ("[D]efendant objects to the $500.00 fee for the premotion/settlement conference of February 1, 2007, because the plaintiff was represented by Eric Tilton, who, at this time, was not admitted to the state or federal bar.  The Court agrees and will not direct reimbursement for this event."), *aff'd*, No. 07-CV-3478, 2008 WL 5083010 (2d Cir. 2008).  However, Warnke may recover up to $100 per hour, which is the amount typically awarded for services of a first year law clerk, and is the high end of the scale for paralegal work.  "'Numerous cases in the Eastern District [of New York] hold that the hourly rates awarded to law clerks (who are not admitted to the bar) should be comparable to those awarded to paralegals.'" *Trustees of Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity &*

24

*Apprenticeship, Skill Improvement & Safety Funds v. Triple H Concrete Corp.*, No. 15-CV-6687, 2018 WL 1178036, at *11 (E.D.N.Y. Feb. 16, 2018) (quoting *Douyon v. NY Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 348 (E.D.N.Y. 2014) (collecting cases), *report and recommendation adopted*, No. 15-CV-6687, 2018 WL 1175151 (Mar. 6, 2018).

The rate for Dimalanta at $95 an hour is within the upper limit of rate approved for paralegals. *See id.* The Court recommends that Ferrier's time be compensated at $295 an hour, Warnke at $100 an hour, and Dimalanta $95 an hour.

Turning next to the reasonableness of the time expended, according to the billing records submitted, counsel spent 23.56 hours (.50 hours by Ferrier; 22.86 hours by Warnke; and .20 hours by Dimalanta) researching, drafting the complaint, and filing the motion for default judgment. This is slightly above some FLSA and NYLL default judgment cases. *See, e.g.*, *Zhang*, 2016 WL 4124304, at *7 (approving total of 22.1 hours in default judgment FLSA case). Having reviewed the hours and time records submitted, the Court finds that the hours expended to be reasonable.

The Court thus respectfully recommends the award of $2,452.50 in attorney's fees (.50 hours for Ferrier billed at a rate of $295 per hour, 22.86 hours for Warnke billed at a rate of $100 per hour, and .20 hours for Dimalanta at a rate of $95 per hour).

G. Costs

Under both FLSA and NYLL, a prevailing plaintiff is entitled to recover costs from the defendant. *See* 29 U.S.C. § 216(b); NYLL § 663(1). Ordinarily, plaintiffs may recover "[c]osts relating to filing fees, process servers, postage, and photocopying." *Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008). Only those costs that are tied to "'identifiable, out-of-pocket

disbursements'" are recoverable. *Moon v. Kwon*, 99-CV-11810, 2002 WL 31512816, at *8 (S.D.N.Y. 2002) (quoting *Kuzma v. IRS*, 821 F.2d 930, 933-34 (2d Cir. 1987)). Pichardo requests recoupment of the filing fee in the amount of $400. Pichardo also requests amounts of $50 and $40 for a process server. Pichardo submitted invoices as evidence, and the Court finds that the filing fee is recoverable; the docket indicates the filing fee was paid (Dkt. No. 1). *See, e.g.*, *Shalto v. Bay of Bengal Kabob Corp.*, No. 12-CV-920, 2013 WL 867420, at *2 (E.D.N.Y. Mar. 7, 2013) (filing fees are recoverable without supporting documentation if verified by the docket).

It is respectfully recommended then that Plaintiff be awarded $490 in costs.

<u>Conclusion</u>

For the reasons stated above, it is respectfully recommended that default judgment be entered and Plaintiff be awarded:

- $7,534.89 in unpaid overtime wages,

- $2,832.14 in unpaid minimum wages,

- $10,367.03 in liquidated damages,

- pre-judgment interest in an amount to be calculated by the Clerk of Court of $2.56 per day from May 27, 2017 until the entry of final judgment,

- $10,000 in statutory damages for WTPA damages,

- $2,452.50 in attorney's fees and $490 in costs,

- for a total amount of $33,676.56.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by

the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

Pichardo shall serve a copy of this Report and Recommendation on Rincon Latino and file proof of such service on the docket.

*/s/ Sanket J. Bulsara August 7, 2018*
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

27